```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

ASSISTMED, INC.,                    §
                                    §
        Plaintiff-                  §
        counterdefendant,           §
                                    § Civil Action No. 3:05-CV-0880-D
VS.                                 §
                                    §
CONCEPTUAL HEALTH SOLUTIONS,        §
INC. and MICHAEL FLORIMBI,          §
                                    §
        Defendants-                 §
        counterplaintiffs,          §
                                    §
and                                 §
                                    §
RAUL KIVATINETZ,                    §
                                    §
        Counterdefendant.           §
```

## MEMORANDUM OPINION AND ORDER

Plaintiff-counterdefendant AssistMed, Inc. ("AssistMed") objects to the magistrate judge's January 11, 2006 order granting in part and denying in part its December 20, 2005 motion to overrule objections, compel discovery responses, and for extension of time to designate expert witnesses. AssistMed's objection illustrates the importance of adhering to the requirement that an appeal from a magistrate judge's order in a nondispositive matter must, at a minimum, identify the ruling being challenged, specify the standard of review, and explain why the decision in question is reversible under that standard. In this instance, the court is left largely to guess at what AssistMed contends is the standard of review. Significantly, in the context of a magistrate judge's

pretrial discovery ruling, which in most respects is governed by an abuse of discretion standard, AssistMed's objection never once cites that standard. The magistrate judge's order is affirmed.

I

AssistMed sues defendants-counterplaintiffs Conceptual Health Solutions, Inc. ("CHS") and Michael Florimbi ("Florimbi") alleging claims for fraud and breach of contract in connection with a License Agreement under which CHS was to develop medical records software. AssistMed alleges that the software was to be developed on the basis of the Mayo Vocabulary Processor ("MVP"), an existing software tool or engine. It asserts that defendants falsely represented that the MVP engine was already developed, complete, and capable of performing indexing, archiving, and retrieving medical data. AssistMed served discovery on defendants requesting copies of the MVP software and other materials. It maintains that the content and capabilities of the MVP software are relevant and central to its claims, and that it is contractually entitled to receive copies of the MVP. Defendants objected, contending that the MVP software and other materials are confidential and/or proprietary trade secrets and that CHS had terminated the License Agreement. AssistMed filed on December 20, 2005 a motion to overrule objections, compel discovery responses, and for extension of time to designate expert witnesses. The court referred the motion to the magistrate judge, who granted the motion in part and

denied it in part. As pertinent here, in some respects she denied all requested discovery (some denials without prejudice), and in others she compelled discovery, but on a modified and limited basis. AssistMed filed an amended objection to the magistrate judge's order on February 13, 2006. It maintains that it is entitled to the discovery it seeks and that restrictions in the License Agreement on its disclosure or transfer of the MVP, and a protective order entered in this case, are sufficient to insulate defendants from harm arising from production of the MVP or any other materials in connection with this lawsuit. AssistMed asks the court to reverse the magistrate judge's order and compel defendants to provide all copies of the MVP product (subject to the protective order) and all other materials that AssistMed seeks but that the magistrate judge declined to compel defendants to produce.

II

This court has frequently set out the standard for reviewing a decision of a magistrate judge in a nondispositive matter. The appeal is governed by Fed. R. Civ. P. 72(a), which provides that the court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id*. "'The 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision.'" *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D.

Case 3:05-cv-00880-D   Document 94   Filed 05/11/06   Page 4 of 19   PageID 1168

Tex. 1994) (Fitzwater, J.)). "'The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted). "'If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it.'" *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted). The legal conclusions of the magistrate judge are reviewable *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." *Id.* "[T]he abuse of discretion standard governs review of 'that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.'" *Id.* (quoting *Smith*, 154 F.R.D. at 665) (alteration and ellipsis in original).

The court has also repeatedly advised appealing parties what is necessary to challenge a magistrate judge's order in a nondispositive matter. "When a party appeals a magistrate judge's order, he must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "This

means that, *at a minimum*, the party must identify the ruling being challenged, specify the standard of review, and explain why the decision in question is reversible under that standard." *Librado v. M.S. Carriers, Inc.*, 2004 WL 583602, at *4, 2004 U.S. Dist. LEXIS 10817, at *13 (N.D. Tex. Mar. 23, 2004) (Fitzwater, J.) (emphasis added). The court has reiterated this minimum requirement in decisions since *Librado*. *See, e.g., InternetAd Sys., LLC v. ESPN, Inc.*, 2004 U.S. Dist. LEXIS 20393, at *9 (N.D. Tex. Oct. 8, 2004) (Fitzwater, J.); *Hoskins v. Kaufman Indep. Sch. Dist.*, 2004 WL 1283958, at *2, 2004 U.S. Dist. LEXIS 10665, at *6-*7 (N.D. Tex. June 9, 2004) (Fitzwater, J.).

AssistMed has made no attempt to specify the standard of review and explain why the magistrate judge's decision is reversible under that standard.[1] For example, it is settled that "[t]he district court has broad discretion in discovery matters and its rulings will be reversed only on an abuse of that discretion." *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989) (citing *Eastway Gen. Hosp. v. Eastway Women's Clinic, Inc.*, 737 F.2d 503, 505 (5th Cir. 1984)). Yet not once in AssistMed's 16-page objection does it use the term "abuse of discretion" much less address the magistrate judge's decision under that standard. Instead, it simply posits that the magistrate judge erred in some

---

[1]In defendants' brief, they do address the standard of review. *See* Ds. Br. 4-5.

respect, without asserting explicitly whether she did so as a matter of law, clearly erred in her fact findings, or abused her discretion. In some instances, it does not even assert that the magistrate judge committed error; it posits that her decision was "improper." *See, e.g.,* P. Br. 8. Although this failure would of itself be sufficient to reject AssistMed's objection by summary order for failing to comply with its minimum obligations on appeal, given the significance AssistMed attaches to the discovery the magistrate judge has declined to compel defendants to produce, the court has attempted to identify those instances in which AssistMed has in some manner identified reversible error. But this deficiency has contributed to, if not caused, AssistMed's inability to demonstrate that the magistrate judge's order should be reversed.

III

Preliminarily, AssistMed complains about the procedural framework that the magistrate judge established for deciding the motion to overrule objections and compel discovery responses. The magistrate judge ordered that defendants could file a response to the motion but that AssistMed could not file a reply brief.

As noted, AssistMed does not discuss the applicable standard of review. It maintains that the procedural framework the magistrate judge established was "fundamentally flawed." P. Br. 5. The standard of review that applies to a magistrate judge's

decision concerning whether to allow a reply brief is normally governed by an abuse of discretion standard.[2]  Here, the magistrate judge did not abuse her discretion in precluding AssistMed from filing a reply brief, if for no other reason than because she convened an oral hearing at which AssistMed was able to present the arguments it would have made in a written reply brief.

IV

AssistMed makes three general arguments in support of its objection, each of which is addressed to the following groups of discovery requests: Nos. 2, 4, and 6, 22-25, and 11, 12, and 26. It contends the magistrate judge erred in characterizing and treating the discovery information as trade secrets and denying or limiting production on that basis; the magistrate judge erred in characterizing and treating the discovery information as proprietary and confidential and denying or limiting production on that basis; and the magistrate judge's order is erroneous to the extent it denied or limited discovery on other grounds, including relevance.

A

AssistMed maintains that the magistrate judge erred in characterizing and treating the discovery information as trade

---

[2]Of course, in an appropriate case the decision could also be reviewed for legal error (for example, if the magistrate judge based the decision on a legally erroneous view of who had the burden on an issue).

- 7 -

secrets and denying or limiting production on that basis.[3]

1

Concerning Requests Nos. 2, 4, and 6, AssistMed argues that, although defendants did not establish that the software that is the subject of these requests are trade secrets, the magistrate judge erred in concluding that defendants had established harm by production of the software and in concluding that a Rule 26(c)(7)[4]

---

[3]Although it advances several supporting contentions based on defendants' alleged failure to meet their burden under Texas law of establishing that the requested information is a trade secret, proprietary, or confidential, AssistMed posits only these assertions concerning the magistrate judge's decision: because of the magistrate judge's incorrect and flawed conclusion that AssistMed does not dispute the trade secret, proprietary, or confidential status of all information, she did not analyze whether any matters are in fact trade secrets, proprietary, or confidential; the magistrate judge concluded that harm had been shown because of a purportedly pending patent application and because of AssistMed's offers to acquire CHS, but her order does not explain how the pending patent application presents any harm, and AssistMed's counsel has attempted unsuccessfully to locate a record of such an application; the magistrate judge apparently concluded that an offer to purchase a company makes the offeror a competitor *per se*, but this conclusion does not necessarily follow, and defendants presented no proof that any of AssistMed's products or services competes with defendants' products or services; and the magistrate judge erred in failing to analyze whether a Rule 26(c)(7) order could avoid the purported harm to defendants. AssistMed has failed to demonstrate that the magistrate judge abused her discretion on any of these grounds or that she clearly erred in her factual findings.

[4]Rule 26(c)(7) states:

> Upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

protective order would not alleviate any purported harm.

This court reviews for abuse of discretion the magistrate judge's decision regarding the adequacy of a Rule 26(c) protective order. *See Scott*, 868 F.2d at 792 (citing *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)). "[D]iscovery orders by the trial court are rarely reversed for an abuse of discretion." *Id.* (citing *Sanders*, 678 F.2d at 618). AssistMed has not shown that the magistrate judge abused her discretion in concluding that defendants would be harmed and that a Rule 26(c)(7) protective order would be inadequate to ameliorate the harm.

AssistMed contends the magistrate judge erred in her order regarding Requests Nos. 2, 4, and 6 in reciting that the request is "modified and limited" because the order is vague. This argument does not establish a basis to conclude that the magistrate judge abused her discretion.

Concerning Requests Nos. 4 and 6, AssistMed argues that the magistrate judge erred insofar as her order finds or presupposes that the License Agreement was terminated, contending that the question whether it was terminated is a central issue in the case and that any limitation of discovery on that basis is "improper" in

---

. . .

>   (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . . .

- 9 -

a discovery dispute and premature.  AssistMed has failed to show an abuse of discretion.

Under Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

To establish that the magistrate judge abused her discretion, AssistMed must show that she erred as a matter of law or clearly erred in her factual findings in restricting production to versions of the software programs, modifications, changes, or fixes in effect before December 2004, when CHS purportedly terminated the License Agreement.  It is not enough simply to assert that the question whether the License Agreement has been terminated is a central issue that is in dispute, since the magistrate judge is empowered to preclude discovery that is not relevant to a claim or defense of any party.  In other words, if the magistrate judge has determined that discovery is irrelevant, it is not enough on appeal to maintain that it *is* relevant.  The appealing party must demonstrate that the magistrate judge committed legal error in making her relevance determination or did so based on clearly erroneous fact findings.  AssistMed has not met this burden.

2

AssistMed challenges the magistrate judge's order concerning Requests Nos. 22-25, contending that she erred in treating the information sought as trade secrets. It reasons that the evidence defendants cited from the Florimbi affidavit did not use the phrase "trade secrets" or address the relevant factors for establishing that something is a trade secret. With respect to Request No. 22, AssistMed objects to the limitation that defendants produce agreements "concerning" the MVP technology because there is no basis to find that the agreements are trade secrets. It argues that the limitation is "too restrictive" and has no legal basis. AssistMed objects to the magistrate judge's denial of Requests Nos. 23-25 on the ground that there is no basis to determine that the matters are trade secrets and that a proper Rule 26(c)(7) order would avoid any harm to CHS that might result from production.

Although AssistMed does not identify the standard of review, it may be arguing that the magistrate judge clearly erred in finding that the information in question is a trade secret. AssistMed has not shown that the magistrate judge's account of the evidence is implausible in light of the record viewed in its entirety. This court is not left with the definite and firm conviction that a mistake has been committed. This same conclusion pertains to AssistMed's contention concerning the limitation that the magistrate judge placed on production in response to Request

No. 22, i.e., to agreements "concerning" the MVP technology.  Nor has AssistMed shown that the magistrate judge abused her discretion in declining to order production under the terms of a Rule 26(c)(7) order.[5]

3

AssistMed asserts that the magistrate judge erred in treating the information sought in Requests Nos. 11, 12, and 26 as trade secrets and in analyzing the requests under the framework she followed.  It maintains that even if the matters are trade secrets, defendants failed to present evidence of harm that could not be alleviated by a Rule 26(c)(7) order.  AssistMed posits that the magistrate judge could have imposed an appropriate confidentiality order and, by refusing to do so, "erred and violated the broad, liberal discovery contemplated by the discovery rules." P. Br. 10.

The court cannot determine the standard of review on which AssistMed relies.  The best the court can determine from the wording of the arguments is that the clearly erroneous and abuse of discretion standards apply.  AssistMed has not demonstrated clear error or an abuse of discretion on any of these grounds.

---

[5] Moreover, as the court explains *infra* at § IV(C)(3), because the magistrate judge denied discovery concerning Requests Nos. 23, 24, and 25 without prejudice, AssistMed can still seek such discovery.  It has not established that the delay incurred in doing so will prejudice it in conducting other discovery or in preparing for trial, and it has therefore failed to show that the order should be disturbed on this basis.

B

AssistMed next challenges the magistrate judge's order on the grounds that she erred in characterizing and treating the discovery information as proprietary and confidential and denying or limiting production on that basis.

1

As a threshold matter, to the extent AssistMed's contentions are largely the same as, or are adopted from, earlier portions of its objection, *see, e.g.*, *id.*, or AssistMed does not clearly identify the applicable standard of review and demonstrate how the magistrate judge erred under that standard, the court rejects the arguments for substantially the reasons already explained *supra* in § IV(A).

2

AssistMed objects to the magistrate judge's decision concerning Requests Nos. 2, 4, and 6 on the grounds that a proper Rule 26(c)(7) order would have satisfactorily addressed any concerns arising from producing the materials and that the magistrate judge erred in concluding that defendants had established harm and that a protective order would not alleviate any purported harm.  AssistMed has shown neither an abuse of discretion (which, in fact, it does not argue) nor clearly erroneous factual findings.

3

As to Requests Nos. 22-25, AssistMed argues that defendants did not meet their burden of establishing that agreements and communications between CHS and Johns Hopkins University ("JHU") were confidential or proprietary.  It maintains that, assuming that such agreements or communications reference or contain matters that are subject to the Mutual Non-Disclosure Agreement between CHS and JHU, the magistrate judge's order limiting discovery of agreements to those concerning MVP technology and denying discovery of any communications is overbroad, and any harm could be cured with an appropriate confidentiality order.  AssistMed asserts that the magistrate judge erred in denying discovery concerning production of software provided to JHU (the subject of Request No. 22) and the documentation process (the subject of Request No. 25) because defendants did not show that the documentation process is confidential information.  It argues that defendants did not establish that the software provided to JHU was confidential, apart from the parties' agreement to make it so, and that any harm could be cured by an appropriate confidentiality order.

As before, AssistMed does not specify the standard of review and explain why the magistrate judge's decision is reversible under that standard.  Based on the arguments presented, it appears that the court should assess whether the magistrate judge abused her discretion or clearly erred in making her decisions concerning

Requests Nos. 22-25. AssistMed has shown neither an abuse of discretion nor clearly erroneous fact findings.

4

AssistMed objects to the magistrate judge's denial of discovery of the Technology License Contract between Mayo Foundation ("Mayo") and CHS, requested by Request No. 11, contending she "erred" in denying discovery. P. Br. 13. It argues that defendants opposed production on the ground that the terms of the contract are confidential, supporting this assertion by citing the affidavit of Timothy D. Argo ("Argo"). AssistMed maintains that the Technology License Contract itself contemplates only that CHS will not disclose the terms of the contract, and another provision states that, if a person seeks to compel disclosure, the disclosing party will notify the other so that it can seek a protective order, another appropriate remedy, or waive compliance with the contractual provisions. It contends that, although Argo stated that Mayo Medical Ventures ("MMV") did not waive the contractual provisions, he did not say what Mayo's position is, Mayo did not seek a protective order, and Mayo cannot protect otherwise discoverable information by agreeing with another contracting party not to disclose it. AssistMed posits that Argo's concern about the number of licenses MMV enters into each year can be protected by a confidentiality order.

Because AssistMed does not specify the standard of review and

explain why the magistrate judge's decision is reversible under that standard, the court cannot determine how to assess its arguments. Evaluating the magistrate judge's decision for abuse of discretion or for clear error, the court holds that AssistMed has not made the required showing.

5

Concerning Requests Nos. 12 and 26, AssistMed objects to the magistrate judge's order, contending she "erred" in limiting discovery under Request No. 12, given defendants' failure to refer to evidence to support the assertion of confidential or proprietary communications. P. Br. 13. As to Request No. 26, it argues that she "erred" in denying discovery of communications under the framework of her January 11, 2006 order because defendants offered no argument or citation to evidence that the communications are confidential or proprietary. *Id.* at 14. Absent argument under the applicable standard of review and an explanation of why the magistrate judge's decision is reversible under that standard, the court evaluates the magistrate judge's decision for abuse of discretion and for clear error. AssistMed has not made the required showing as to Requests Nos. 12 and 26.

C

Finally, AssistMed challenges the magistrate judge's order on the ground that it is erroneous to the extent it denied or limited discovery on other grounds, including relevance.

1

With respect to Request No. 6, AssistMed challenges the magistrate judge's order insofar as it limits discovery to copies of modifications, changes, or fixes that were made to the MVP and provided to AssistMed under the License Agreement. It offers the conclusory assertion that the evidence it seeks is relevant to its fraudulent inducement and breach of contract claims and that the magistrate judge "erred" in limiting the discovery under this category. P. Br. 14. AssistMed has not shown that the magistrate judge abused her discretion in allowing more limited discovery than AssistMed sought in this category.

2

AssistMed objects to the magistrate judge's limitation of discovery under Request No. 22 to agreements concerning the MVP technology. It maintains that it is entitled to discovery of all agreements between CHS and JHU. AssistMed has not shown that the magistrate judge abused her discretion in allowing more limited discovery than AssistMed sought in this category.

3

Concerning Requests Nos. 23, 24, and 25, AssistMed objects to the magistrate judge's denial of discovery concerning communications between JHU and CHS. The magistrate judge denied discovery "*without prejudice* to reassert[ing] the motion to compel after additional discovery has been conducted." P. App. 190

(emphasis added). Because AssistMed can still seek this discovery, it must show that the delay incurred in doing so will prejudice it in conducting other discovery or in preparing for trial. It has not done so, and the court declines to disturb the order on this basis.

4

AssistMed's third argument challenging the magistrate judge's ruling concerning Request No. 11 is overruled for reasons similar to those set out *supra* at § IV(B)(4): AssistMed does not specify the standard of review and explain why the magistrate judge's decision is reversible under that standard, and the court cannot determine how to assess its arguments. Evaluating the magistrate judge's decision for abuse of discretion or for clear error, the court holds that AssistMed has not made the required showing.

5

AssistMed objects to the magistrate judge's ruling concerning Request No. 12 to the extent based on the apparent conclusion or assumption that the License Agreement was terminated. This argument is similar to one addressed and rejected *supra* at § IV(A)(1). For reasons akin to those explained there, the court holds that AssistMed has failed to show that the magistrate judge abused her discretion.

6

Concerning Request No. 26, AssistMed contends it is entitled to discover an email between MMV and Florimbi. AssistMed specifies no standard of review and fails to explain why the magistrate judge's decision is reversible under that standard. Evaluating the magistrate judge's decision for abuse of discretion and for clear error, the court holds that AssistMed has not made the required showing.

* * *

The magistrate judge's January 11, 2006 order granting in part and denying in part AssistMed's December 20, 2005 motion to overrule objections, compel discovery responses, and for extension of time to designate expert witnesses is

AFFIRMED.

May 11, 2006.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE