IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ASSISTMED, INC., | § |
| | § |
| Plaintiff-counterdefendant, | § |
| | § |
| | § Civil Action No. 3:05-CV-0880-D |
| VS. | § |
| | § |
| CONCEPTUAL HEALTH SOLUTIONS, INC. and MICHAEL FLORIMBI, | § |
| | § |
| Defendants-counterplaintiffs, | § |
| | § |
| and | § |
| | § |
| RAUL KIVATINETZ, | § |
| | § |
| Counterdefendant. | § |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant AssistMed, Inc. ("AssistMed") moves the court to extend the discovery deadline in this case from June 1, 2006 to October 1, 2006.  The court grants the motion in part and denies it in part.[1]

I

AssistMed sues defendants-counterplaintiffs Conceptual Health Solutions, Inc. ("CHS") and Michael Florimbi, alleging claims for

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

fraud and breach of contract in connection with a license agreement under which CHS was to develop medical records software. AssistMed alleges that the software was to be developed on the basis of the Mayo Vocabulary Processor ("MVP"), an existing software tool or engine. It asserts that defendants falsely represented that the MVP engine was already developed, complete, and capable of performing indexing, archiving, and retrieving medical data. *AssistMed, Inc. v. Conceptual Health Solutions, Inc.*, 2006 WL 1489422, at *1 (N.D. Tex. May 11, 2006) (Fitzwater, J.). This case was originally filed on December 30, 2004 in California state court. It was later removed to the United States District Court for the Central District of California and transferred to this court, where it was docketed on April 29, 2005. In a June 13, 2005 scheduling order, the court set June 1, 2006 as the deadline by which the parties must complete discovery.

AssistMed filed on May 17, 2006 a motion requesting an unspecified "reasonable" extension of the discovery deadline. In its reply brief it states that it seeks a four-month extension. AssistMed maintains that it moves for this relief so that it can obtain from third parties discovery that it says it cannot obtain from defendants-counterplaintiffs due to the magistrate judge's January 11, 2006 order, in which she granted in part and denied in part AssistMed's December 20, 2005 motion to overrule objections, compel discovery responses, and for extension of time to designate

expert witnesses. AssistMed also seeks an extension so that it can conduct discovery concerning LingoLogix, Inc. ("LingoLogix"), a corporation that it contends is now merged into CHS. In a supplement to its reply brief, AssistMed also points out that Raul Kivatinetz ("Kivatinetz"), whom defendants have named in a first amended counterclaim and original cross-claim filed February 17, 2006, has not yet been served, and that on June 13-14, 2006, defendants caused original and amended summonses to be issued for him.

II

The standard by which the court analyzes AssistMed's motion is familiar in this court.

> Deadlines in [scheduling] orders shall not be modified except upon a showing of good cause. The good cause standard focuses on the diligence of the party seeking a modification of the scheduling order. Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish good cause. Instead, the movant must show that despite his diligence, he could not have reasonably met the scheduling deadline.

*Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citations and quotation marks omitted) (affirming order of magistrate judge that, *inter alia*, denied motion to modify deadline to file motion for class certification). Except in one respect, AssistMed has failed to show that, despite its diligence, it could not have reasonably met

the June 1, 2006 deadline.

AssistMed explains that it originally sought discovery that the magistrate judge disallowed, believing it was necessary to do so before conducting oral discovery. It also notes that it advised the magistrate judge of its counsel's belief that it was in the best interests of the parties to obtain and review documents and tangible items before conducting oral depositions. AssistMed's decision to conduct written discovery before commencing depositions, however, was an intentional choice. On or after June 13, 2005, AssistMed could have undertaken the discovery that it now seeks. Additionally, once the magistrate judge ruled against it in response to a motion filed December 20, 2005, AssistMed still had from shortly after January 11, 2006—the date of the magistrate judge's order—until June 1, 2006, to obtain the discovery.[2] AssistMed has failed to show that, despite its diligence, it could not have reasonably met the June 1, 2006 discovery deadline. And some of the discovery that AssistMed identified in its motion has been taken pursuant to the parties' agreement.

The court grants AssistMed's motion, however, to the extent

---

[2]The time that elapsed while AssistMed pursued its objections to the magistrate judge's decision should not be excluded from the court's calculation of the available discovery period. The court affirmed the magistrate judge's order after AssistMed filed objections that left the court largely to guess at what AssistMed contended was the standard of review and that never once cited the applicable abuse of discretion standard. *See AssistMed*, 2006 WL 1489422, at *1

that it seeks an extension so that it can conduct discovery within the scope of Fed. R. Civ. P. 26(b)(1) that concerns the allegations of its second amended complaint that pertain to LingoLogix. In *Parakkavetty v. Indus International, Inc.*, 2003 WL 22060749 (N.D. Tex. Sept. 2, 2003) (Fitzwater, J.) (order), the court granted a motion that in part sought to extend the discovery deadline for four months. The trial of the case was scheduled to occur seven months later, and the plaintiff met the good cause standard by demonstrating that the court's decision allowing him to expand his claims by amended complaint warranted adjusting the discovery deadline. Additionally, the defendant's opposition grounds—including its assertions of prejudice—were insufficient to warrant denying this aspect of the plaintiff's motion. *Id.* at *1. Applying the reasoning of *Parakkavetty*, the court holds that the discovery deadline should be extended to September 1, 2006 so that the parties can conduct discovery within the scope of Rule 26(b)(1) that concerns the allegations of AssistMed's second amended complaint that pertain to LingoLogix.

As noted, in a supplement to its reply brief, AssistMed relies on the status of Kivatinetz to justify an extension of the discovery deadline. Nothing in this order precludes Kivatinetz or another party from moving for an extension of the discovery deadline, provided the requisite showing can be made. The court will not, however, grant such relief based on AssistMed's present

motion.

\*   \*   \*

Accordingly, the court grants in part and denies in part AssistMed's May 17, 2006 motion to extend discovery deadline. The court grants the motion to the extent that the discovery deadline is enlarged from June 1, 2006 to September 1, 2006 for the limited purpose of permitting the parties to conduct discovery within the scope of Rule 26(b)(1) that concerns the allegations of AssistMed's second amended complaint that pertain to LingoLogix. The motion is otherwise denied.[3]

**SO ORDERED.**

June 19, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[3]AssistMed also suggests in its reply brief that a continuance of the "other motion" deadline may be prudent due to the potential for discovery related motions, such as motions to compel. *See* P. Reply Br. 6 n.3. The court declines to enlarge that deadline at this time because it applies broadly to any "motion not otherwise covered by this order" and thus serves as a catch-all deadline. Enlarging it for the intended purpose of enabling the parties to file discovery related motions could have unintended consequences. Accordingly, the court will not now alter the deadline for filing motions not otherwise covered, but it will consider on a categorical or individual motion basis whether to make exceptions to that deadline.