IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ASSISTMED, INC., §
                                      §
        Plaintiff-                    §
        counterdefendant,             §
                                      § Civil Action No. 3:05-CV-0880-D
VS.                                   §
                                      §
CONCEPTUAL HEALTH SOLUTIONS,          §
INC.,                                 §
                                      §
        Defendant-                    §
        counterplaintiff,             §
                                      §
and                                   §
                                      §
MICHAEL FLORIMBI,                     §
                                      §
        Defendant.                    §

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant AssistMed, Inc. ("AssistMed") moves for partial reconsideration of the court's memorandum opinion and order in *AssistMed, Inc. v. Conceptual Health Solutions, Inc.*, 2006 WL 3691003 (N.D. Tex. Dec. 14, 2006) (Fitzwater, J.).   The court denies the motion, but it withdraws § III(D)(3)(b), *see id.* at *13, and substitutes the following.

b

Defendants maintain that they are entitled to summary judgment dismissing AssistMed's breach of exclusive license claim because, *inter alia*, the License Agreement establishes that AssistMed was not granted an exclusive license.   They point specifically to the absence of evidence that AssistMed was ever granted an exclusive

license to any SDSP. *See* Ds. June 30, 2005 Br. 36-38. In support of this contention, they posit that the clear language of § 3(a) of the License Agreement provides that "[t]he commencement date for the exclusive grant for each of the SDSPs shall be the date [AssistMed] accepts each of the SDSPs." *Id.* at 37. Defendants maintain that because no SDSP was ever developed by the parties or accepted by AssistMed, the exclusive license provision was never triggered. AssistMed responds that, by advancing this argument, defendants have failed to acknowledge that CHS can no longer satisfy this contingency because it has provided the SDSPs to third parties, thereby destroying its ability to grant an exclusive license to AssistMed and breaching the License Agreement.

AssistMed's argument in response does not demonstrate a basis to avoid summary judgment on its breach of exclusive license claim, because it fails to join issue with the ground that defendants posit. AssistMed does not appear to contest defendants' fundamental contention that, under the express terms of § 3(a) of the License Agreement, any exclusive license would have commenced, if ever, only upon AssistMed's acceptance of an SDSP. Section 3(a) states, in pertinent part:

> The term of the grant shall *independently commence* for each of the SDSPs developed by CHS. The commencement date for the exclusive grant for each of the SDSPs shall be the date [AssistMed] *accepts* each of the SDSPs.

P. June 30, 2006 App. 12 (emphasis added). Nor does AssistMed

- 2 -

appear to dispute that the parties never developed an SDSP, that AssistMed never accepted an SDSP from CHS, or that § 3(a) of the License Agreement can reasonably be construed according to its plain meaning.  Instead, AssistMed posits that CHS's conduct has rendered impossible its ability to grant an exclusive license to AssistMed.  But it follows from AssistMed's position that the exclusive license provision on which it relies never took effect. This conclusion is further supported by the court's interpretation of the objectively plain meaning of § 3(a) of the License Agreement, which states, in relevant part, that "[t]he commencement date for the exclusive grant for each of the SDSPs shall be the date [AssistMed] *accepts* each of the SDSPs." *Id.* (emphasis added). In short, any claim AssistMed may have against CHS based on its involvement with JHU cannot be a claim for breach of an exclusive license, because a reasonable jury could not find that AssistMed ever obtained an exclusive license.

If AssistMed has a complaint about CHS's failure to perform its obligation to develop an SDSP that would in turn be the subject of the exclusive license,[17] this is a different cause of action than the breach of exclusive license claim that AssistMed has pleaded here and that the court now addresses.

As to LingoLogix, AssistMed has not shown that a reasonable

---

[17]AssistMed does allege as part of its *breach of performance* claim that CHS breached the License Agreement by failing to develop and deliver the SDSPs to AssistMed.  *See supra* at § III(D)(2)(a).

jury could find that CHS breached the License Agreement by attempting unsuccessfully to transfer assets to that entity.

The court therefore concludes that AssistMed's breach of exclusive license claim cannot serve as a predicate for its breach of contract claim, and this component of the claim is dismissed. The court denies AssistMed's motion to the extent it seeks summary judgment establishing that CHS breached the exclusive license clause of the License Agreement.[18]

\*     \*     \*

AssistMed's January 18, 2007 motion for reconsideration is denied. In view of the reasoning set out in amended § III(D)(3)(b), the new evidence that AssistMed offers in support of its motion for reconsideration would not affect the outcome and need not be considered.

**SO ORDERED.**

March 26, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[18]Even had the court not granted defendants' motion on this claim, it would have denied AssistMed's motion in this respect. As noted above, because AssistMed will have the burden of proof on this claim at trial, to obtain summary judgment it must satisfy the beyond-peradventure standard. AssistMed cannot meet this high standard based on the evidence it has adduced.